```
              IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF NEBRASKA

OLEN R. WARNER,                  )
                                 )
            Plaintiff,           )       8:08CV386
                                 )
       v.                        )
                                 )
TERRY EWING (sued in his         )       MEMORANDUM AND ORDER
individual capacity) and the     )
NEBRASKA DEPARTMENT OF           )
CORRECTIONAL SERVICES SPECIAL    )
SERVICES DIVISION,               )
                                 )
            Defendants.          )
                                 )
```

Plaintiff filed his complaint on August 25, 2008 (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis (Filing No. 6.) The Court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

**I.   SUMMARY OF COMPLAINT**

Plaintiff filed his complaint on August 25, 2008, against the Nebraska Department of Correctional Services ("DCS"), and DCS detainers administrator, Terry Ewing (Filing No. 1 at CM/ECF pp. 1, 4.) Defendant Ewing is sued in his individual capacity only (*Id*.) Plaintiff is currently incarcerated in Tecumseh, Nebraska (*Id*. at CM/ECF p. 2.)

Plaintiff alleges that defendant Ewing violated plaintiff's constitutional rights because he "lodgged [sic] a detainer against [him] on Wisconsin's behalf with no authority

. . . ." (*Id.* at CM/ECF p. 6.) Plaintiff alleges that this detainer adversely affected his conditions of confinement because he was "subject to less desirable work assignment[s] . . . ." (*Id.* at CM/ECF pp. 7-8.) Plaintiff seeks monetary damages only in the amount of $125,000.00 (*Id.* at CM/ECF p. 8.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint

-2-

must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III. DISCUSSION OF CLAIMS

   A.   Sovereign Immunity

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-447 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress.

*See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon, 656 F.2d 372, 377-378 (8th Cir. 1981)*. Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. § 1983 which seek equitable relief from state employee defendants acting in their official capacity.

Here, plaintiff names DCS, an instrumentality of the state, as a defendant (Filing No. 1 at CM/ECF p. 1.) In addition, plaintiff requests monetary damages only (*Id*. at CM/ECF p. 8.) The Eleventh Amendment bars monetary damages claims against state instrumentalities absent a waiver of immunity by the state or an override of immunity by Congress. There is no such waiver here. Thus, plaintiff's claims against defendant DCS must be dismissed.

### B.   Plaintiff's Civil Rights Claim

The Court liberally construes plaintiff's complaint to allege a violation of his civil rights pursuant to 42 U.S.C. § 1983. To obtain relief under 42 U.S.C. § 1983, a plaintiff must show (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) that a person acting under color of state law caused the deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). The Eighth Circuit has held that when a detainer adversely affects a prisoner's conditions of confinement, that

-4-

prisoner may have a cognizable civil rights action under 42 U.S.C. § 1983. *Cooper v. Lockhart*, 489 F.2d 308 (8th Cir. 1973).[1]

Here, plaintiff alleges defendant Ewing "lodgged [sic] a detainer against [him] on Wisconsin's behalf with no authority . . . ." (Filing No. 1 at CM/ECF p. 6.) Plaintiff also alleges that this detainer adversely affected his conditions of confinement because he was "subject to less desirable work assignment[s] . . . ." (*Id*. at CM/ECF pp. 7-8.) Liberally construed, these allegations are sufficient to nudge plaintiff's claim against defendant Ewing across the line from conceivable to plausible. As a result, plaintiff's claim against defendant Ewing may proceed. However, the Court cautions plaintiff that this is only a preliminary determination based only on the allegations of the complaint and is not a determination of the merits of plaintiff's claims or potential defenses thereto.

IT IS ORDERED:

1. Plaintiff's claims against defendant Nebraska Department of Correctional Services are dismissed.

2. Plaintiff's claims against defendant Ewing in his individual capacity may proceed and service is now warranted as to those claims only.

---

[1] The Court notes, however, that "[t]he viability of Cooper is somewhat questionable." *Sacco v. Falke*, 649 F.2d 634, 636 n.3 (1981).

3. To obtain service of process on defendant Ewing, plaintiff must complete and return the summons form which the clerk of the court will provide. The clerk of the court shall send ONE (1) summons form and ONE (1) USM-285 form (for service on defendant Ewing in his individual capacity only) to plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the clerk of the court. In the absence of the forms, service of process cannot occur.

4. Upon receipt of the completed forms, the clerk of the court will sign the summons form, to be forwarded with a copy of the complaint, to the U.S. Marshal for service of process. The Marshal shall serve the summons and complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The clerk of the court will copy the complaint, and plaintiff does not need to do so.

5. Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order plaintiff is informed for the first time of these requirements, plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

6.  Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.  A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

7.  The clerk of the court is directed to set a pro se case management deadline in this case with the following text: **"March 12, 2009:** Check for completion of service of summons."

8.  The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court.  Plaintiff shall keep the Court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal.

DATED this 12th day of November, 2008.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court