IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| OLEN R. WARNER, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CV386 |
| | ) | |
| v. | ) | |
| | ) | |
| TERRY EWING (sued in his | ) | MEMORANDUM OPINION |
| individual capacity) and the | ) | |
| NEBRASKA DEPARTMENT OF | ) | |
| CORRECTIONAL SERVICES SPECIAL | ) | |
| SERVICES DIVISION, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on defendant's motion
to dismiss (Filing No. 11).  The Court finds the motion should be
granted.

### I.      BACKGROUND AND SUMMARY OF COMPLAINT

Plaintiff Olen Warner ("Warner") filed his complaint on
August 25, 2008, against the Nebraska Department of Correctional
Services ("NDCS"), and DCS detainers administrator, Terry Ewing
("Ewing")(Filing No. 1 at CM/ECF pp. 1, 4).  The Court conducted
an initial review of the complaint and dismissed the claims
against the NDCS (Filing No. 7).  Thus, only the claims against
Ewing, in his individual capacity, remain.

Plaintiff alleges that Ewing violated plaintiff's
constitutional rights because he "lodgged [sic] a detainer
against [him] on Wisconsin's behalf with no authority . . . ."
(Id. at CM/ECF p. 6.)  Plaintiff alleges that there is an active

warrant for his arrest in Wisconsin, but that Wisconsin never requested a detainer be placed on plaintiff.  (*Id.* at CM/ECF p. 6.)  Plaintiff further alleges that this detainer adversely affected his conditions of confinement because he was "subject to less desirable work assignment[s] . . . ." and because his classification has been "adversely affected."  (*Id.* at CM/ECF pp. 7-8.)  Plaintiff seeks monetary damages only in the amount of $125,000.00.  (*Id.* at CM/ECF p. 8.)

## II.       STANDARD OF REVIEW

The standard on a motion to dismiss is the same as that previously applied on initial review of the complaint.  In short, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted).  Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  However, a pro se plaintiff's allegations must be construed liberally.  *Burke v. North Dakota*

*Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

### III.      EWING'S MOTION TO DISMISS

Ewing seeks dismissal of the claims against him because plaintiff failed to exhaust his administrative remedies and because he is entitled to qualified immunity (Filing No. 12 at CM/ECF p. 1).  As set forth below, the Court finds that Ewing is entitled to qualified immunity.

#### A.    Exhaustion of Administrative Remedies

Defendant is correct that plaintiff must first have exhausted his administrative remedies prior to filing the complaint.  Section 1997e (a) of the PLRA provides:

> No action shall be brought with
> respect to prison conditions under
> section 1983 of this title, or any
> other Federal law, by a prisoner
> confined in any jail, prison, or
> other correctional facility until
> such administrative remedies as are
> available are exhausted.

42 U.S.C. § 1997e(a).  Pursuant to this section, a prisoner must exhaust all administrative remedies available through the prison system before filing a lawsuit challenging prison conditions. This exhaustion requirement is mandatory; the Court cannot, in its discretion, waive this requirement.  *Woodford v. Ngo*, 548 U.S. 81, 85 (2006).  "The PLRA's exhaustion requirement is not a heightened pleading requirement.  This circuit considers the

PLRA's exhaustion requirement to be an affirmative defense that the defendant has the burden to plead and to prove." *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005) (citation omitted); *see also Guerra v. Kempker*, 134 F. App'x 112, 112-13 (8th Cir. 2005) (unpublished per curiam) (reversing district court dismissal where failure to exhaust administrative remedies was not "evident from the face of [the plaintiff's] complaint").

Defendant argues that dismissal is appropriate because plaintiff "admits on the face of his Complaint that he failed to exhaust his administrative remedies."  (Filing No. 12 at CM/ECF p. 2.)  Defendant is correct that plaintiff stated in his complaint that he did not file a grievance regarding his claims (Filing No. 1 at CM/ECF p. 3).  However, plaintiff also alleges that he did not file a grievance because "[g]rievances concerning detainers cannot be remedied through the NDOCS grievance procedure."  (*Id.*)  Plaintiff further alleges that, although he was not permitted to file a grievance regarding the detainer, he sent numerous other complaints, letters, and other documents to defendant and others regarding the detainer.  (*Id.* at CM/ECF pp. 3-4.)  Indeed, these documents, with defendant's responses, are attached to the complaint.  (*Id.* at CM/ECF pp. 10-18.)  Defendant has not presented anything to the Court showing that a grievance procedure existed for plaintiff's claims, or that plaintiff failed to file a grievance using that procedure.  Thus, it is not

evident from the face of the complaint that plaintiff failed to exhaust his administrative remedies and dismissal is not warranted.

    B.   Qualified Immunity

        Qualified immunity is a question of law to be determined by the Court and should ordinarily be decided long before trial.   Hunter v. Bryant, 502 U.S. 224, 228 (1991). "Public officials, of course, are entitled to qualified immunity from liability for damages under 42 U.S.C. § 1983 if 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"   Domina v. Van Pelt, 235 F.3d 1091, 1096 (8th Cir. 2000) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).   In short, "qualified immunity shields a defendant from suit if he or she could have reasonably believed his or her conduct to be lawful in light of clearly established law and the information [that the defendant] possessed."   Smithson v. Aldrich, 235 F.3d 1058, 1061 (8th Cir. 2000) (citations and quotations omitted). "The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law."   Id. (citations and quotations omitted).   Moreover, qualified immunity is "the usual rule" and state actors will enjoy qualified immunity in all but

-5-

"exceptional cases."   *Foy v. Holston*, 94 F.3d 1528, 1532 (11th Cir. 1996).

        The Court focuses on two questions to determine whether a state official is entitled to qualified immunity: "(1) whether, after viewing the facts in the light most favorable to the party asserting the injury, there was a deprivation of a constitutional or statutory right; and, if so, (2) whether the right was clearly established at the time of the deprivation such that a reasonable official would understand that their conduct was unlawful . . . ."   *Henderson v. Munn,* 439 F.3d 497, 501 (8th Cir. 2006) (citations and quotations omitted).   As with other affirmative defenses, to prevail on a motion to dismiss, a defendant "must show that they are entitled to qualified immunity on the face of the complaint."   *Bradford v. Huckabee*, 394 F.3d 1012, 1015 (8th Cir. 2005).

        Plaintiff has failed to allege a violation of a constitutional right.   Plaintiff admits that he has an active warrant for his arrest in Wisconsin.   He further alleges that defendant placed a detainer against him as a result of that warrant, but that the detainer was improper because Wisconsin did not request it.   While it is questionable whether the detainer was proper, even if it was improper as alleged by plaintiff, he has not alleged a constitutional violation.   Plaintiff claims that, as a result of the improper detainer, his constitutional

-6-

rights were violated because his "classification is adversely affected and he is subject to less desirable work assignment[s]." (Filing No. 1 at CM/ECF p. 7.)  However, prisoners do not have a "constitutional right to a particular prison job" or classification status.  *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (unpublished per curiam) (affirming dismissal because prisoner had not right to particular prison job); *see also Sanders v. Norris*, 153 F. App'x 403, 404 (8th Cir. 2005) (same); *Hartsfield v. Dep't of Corr.*, 107 Fed. App'x 695, 696 (8th Cir. 2004) (unpublished per curiam) (affirming dismissal because prisoner had no constitutional right to a particular classification).  Thus, even if all of the allegations of the complaint are accepted as true, plaintiff has not alleged a violation of a constitutional right and defendant is entitled to qualified immunity.  A separate judgment will be entered in accordance with this memorandum opinion.

DATED this 26th day of March, 2009.

BY THE COURT:

/s/ Lyle E. Strom

LYLE E. STROM, Senior Judge
United States District Court